**Dodi KOMOROWSKI, Plaintiff–Appellant,**

v.

**TOWNLINE MINI–MART AND RESTAURANT, Defendant–Appellee.**

**No. 98–2650.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 18, 1998.

Decided Dec. 11, 1998.

Mary E. Kennelly (argued), Fox & Fox, Madison, WI, for Plaintiff–Appellant.

Michael J. Cieslewicz (argued), Kasdorf, Lewis & Swietlik, Milwaukee, WI, for Defendant–Appellee.

Before BAUER, ESCHBACH, KANNE, Circuit Judges.

PER CURIAM.

Dodi Komorowski sued Townline MiniMart and Restaurant ("Townline") claiming that Townline fired her in retaliation for her com-

plaints about sexual harassment by a co-worker. The district court found that Townline was not a covered "employer" under Title VII, as defined by 42 U.S.C. § 2000e(b), and granted Townline's motion to dismiss for lack of subject matter jurisdiction. The district court's decision was based on the fact that Townline had not employed fifteen or more persons for a period of twenty or more weeks during the calendar year 1996, the year of the alleged discrimination. 42 U.S.C. § 2000e(b). On appeal, Komorowski argues that the district court erred in finding that the phrase "current calendar year" used in § 2000e(b) refers only to the calendar year in which the alleged discrimination occurred. We affirm.

■ The facts are undisputed on appeal, and we accept as true all well-pleaded factual allegations in Komorowski's complaint and construe them in the light most favorable to her. *United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir.1996). In Green Bay, Wisconsin, Townline opened a retail "mini-mart" in March 1996 and a restaurant in September 1996. From March through August 1996, Townline employed fewer than fifteen employees. After the restaurant opened in September, Townline employed more than fifteen employees for the remainder of 1996 and through October 1997 (the latest date for which Townline provided payroll records).

Komorowski worked as a waitress in the restaurant from October 3, 1996, until she was terminated on November 26, 1996. On January 6, 1997, Komorowski filed a complaint of sexual harassment and retaliation with the Equal Employment Opportunity Commission, alleging that she told her supervisor of a co-worker's harassment but the supervisor failed to take any action, and that she was fired because her supervisors "were sick of hearing" her complaints. After receiving a right to sue letter on November 7, 1997, Komorowski filed the underlying suit on December 11, 1997. Townline filed a "Motion to Dismiss and Motion for Summary Judgment," asserting that it did not employ the requisite number of employees over the relevant period of time in order to qualify as a covered employer under Title VII.

■ Based on its determination that Townline did not meet the statutory definition of "employer," the district court dismissed Komorowski's action for lack of subject matter jurisdiction pursuant to Fed. R.Civ.P. 12(b)(1). We recently have clarified that a district court does not lack subject matter jurisdiction in cases where the defendant fails to meet the statutory definition of "employer." *Sharpe v. Jefferson Distrib. Co.*, 148 F.3d 676, 677 (7th Cir.1998); *Ost v. West Suburban Travelers Limousine, Inc.*, 88 F.3d 435, 438 n. 1 (7th Cir.1996). If the plaintiff "presents a non-frivolous claim under federal law; no more is necessary for subject-matter jurisdiction. A plaintiff's inability to demonstrate that the defendant has 15 employees is just like any other failure to meet a statutory requirement." *Sharpe*, 148 F.3d at 677. In *Ost*, this court noted that prior circuit case law had characterized the issue of the defendant's status as an "employer" as a matter of subject matter jurisdiction. 88 F.3d at 438 n. 1. *See, e.g., Rogers v. Sugar Tree Prods., Inc.*, 7 F.3d 577, 579 (7th Cir. 1993) (stating that the defendant must meet the definition of "employer" under the Age Discrimination in Employment Act, 29 U.S.C. § 630(b), in order for federal subject matter jurisdiction to exist); *Zimmerman v. North American Signal Co.*, 704 F.2d 347, 350–51 (7th Cir.1983) (same). The *Ost* court nonetheless concluded that *E.E.O.C. v. Chicago Club*, 86 F.3d 1423 (7th Cir.1996), "makes clear that a plaintiff's failure to establish that a defendant is an 'employer' does not divest the federal courts of the power to hear the plaintiff's case." 88 F.3d at 438 n. 1. *See also E.E.O.C. v. St. Francis Xavier Parochial Sch.*, 117 F.3d 621, 623 (D.C.Cir.1997); *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261–64 (11th Cir.1997).

■ In *Sharpe*, despite holding that the district court erred in dismissing the action pursuant to Rule 12(b)(1), we affirmed the district court's judgment to the extent that it dismissed the Title VII claim. 148 F.3d at 680. Similarly, in *St. Francis Xavier*, the D.C. Circuit stated that despite the district court's erroneous dismissal of the action pursuant to Rule 12(b)(1), it nonetheless could affirm the dismissal if it were otherwise

proper under Rule 12(b)(6) or Fed.R.Civ.P. 56. 117 F.3d at 624. Because it did not have before it the material that the parties would have submitted on summary judgment, however, the Eleventh Circuit remanded the action to be decided on the merits. *Id.* at 626. Here, Townline's motion sought relief pursuant to both Rule 12(b)(1) and Rule 56. In support of its motion, Townline submitted an affidavit and a proposed statement of finding of facts and conclusion of law. In response to Townline's motion, Komorowski filed a "Brief in Opposition to Defendant's Motion for Summary Judgment" and an answer to Townline's proposed findings of fact and conclusion of law. Because the parties in the district court already treated Townline's motion as one for summary judgment and presented the applicable arguments and supporting documents, we consider whether the dismissal was otherwise proper under Rule 56.

■ Section 2000e(b) defines the term "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year...." The central issue on appeal is the proper interpretation of the phrase "current or preceding calendar year." We review the district court's interpretation of § 2000e(b) de novo. *Akrabawi v. Carnes Co.*, 152 F.3d 688, 695 (7th Cir.1998).

Komorowski argues that courts should give liberal construction to the definition of "employer" and, with regard to a new employer, the phrase "current calendar year" should refer to the first full calendar year commencing after the act of discrimination. To hold otherwise, Komorowski contends, allows new businesses to avoid Title VII liability during their first year of operation. Alternatively, Komorowski argues that "current calendar year" should be interpreted to mean the year in which the discrimination charge was filed.

Courts consistently have held that the phrase "current calendar year" refers to the year in which the alleged discrimination occurred. *See, e.g., Rogers,* 7 F.3d at 580; *McGraw v. Warren County Oil Co.,* 707 F.2d 990, 991 (8th Cir.1983) (per curiam); *Dumas*

*v. Town of Mount Vernon, Alabama,* 612 F.2d 974, 979 n. 4 (5th Cir.1980), *overruled on other grounds by Larkin v. Pullman–Standard Div., Pullman, Inc.,* 854 F.2d 1549 (11th Cir.1988); *Slack v. Havens,* 522 F.2d 1091, 1093 (9th Cir.1975). In examining the phrase in similar contexts, courts also have held that "current calendar year" refers to the year in which the alleged discrimination occurred. *Rogers,* 7 F.3d at 580. In *Rogers,* this court examined the term "current calendar year" as it is used within the definition of "employer" under the Age Discrimination in Employment Act, 29 U.S.C. § 630(b), which is nearly identical to the definition in § 2000e(b). The court found that "current calendar year" refers to the year in which the alleged violation occurred and includes the calendar year from January 1 through December 31. *Id.* (citing *Slack,* 522 F.2d at 1093). Notably, Komorowski is unable to point to any cases in which courts have created an alternative definition.

■ Although Komorowski is correct that Title VII is liberally construed to effectuate its purpose, "a court's interpretation of the term 'employer' cannot contradict the statutory definition." *Zimmerman,* 704 F.2d at 353; *see also Jensen v. Johnson County Youth Baseball League,* 838 F.Supp. 1437, 1441–42 (D.Kan.1993) (rejecting plaintiff's argument that the court should liberally construe § 2000e(b) and combine two calendar years in order to find 20 or more weeks in which defendant employed 15 or more employees). As Komorowski notes, the cases often define the phrase without discussing why it is so interpreted. Perhaps this is because defining "current calendar year" as the year in which the alleged Title VII violation occurred is a common sense reading of the language of § 2000e(b). There is nothing in the language of § 2000e(b) to justify interpreting the phrase "current calendar year" in the manner suggested by Komorowski—as referring to the first full calendar year commencing after the act of discrimination or to the year in which the discrimination charge was filed.

■ When construing a statute, the court must look to the language used by

Congress and give the words their ordinary meaning. *United States v. Wilson*, 159 F.3d 280, 291 (7th Cir.1998). Despite offering several extreme hypotheticals, Komorowski offers no justification or support for modifying "current calendar year" with the implied phrase "commencing after the act of discrimination" or the phrase "in which the discrimination charge was filed." As this court noted in *Zimmerman*, the definitional restrictions imposed by Congress in defining "employer" create some close cases, but "under any definitional restriction ... some cases would be close." 704 F.2d at 354. Despite Komorowski's urging, a court may not construe a statutory definition in a manner inconsistent with the language used by Congress. Congress did not create different restrictions for new employers, and the district court did not err in refusing to interpret "current calendar year" differently for a new employer than for other employers.

Moreover, in *Walters v. Metropolitan Educ. Enterprises, Inc.*, 519 U.S. 202, 117 S.Ct. 660, 663, 136 L.Ed.2d 644 (1997), the Supreme Court implicitly defined "current calendar year" as the year in which the alleged discrimination occurred and rejected the use of the year in which the discrimination charge was filed. The Supreme Court stated without elaboration that the "current" and "preceding" calendar years for purposes of the plaintiff's retaliatory-discharge claim were 1990 and 1989, when the alleged retaliatory discharge occurred in 1990. The Court also noted that for purposes of the plaintiff's discrimination claim based on the defendant's failure to promote her, the relevant years were 1989 and 1988 because 1989 was the year in which she did not receive the promotion. *Id.* Significantly, the plaintiff filed her charge with the EEOC in 1990, and the Court opined that the district court's use of 1990 and 1989 as the relevant years for purpose of the discrimination claim was improper.

■ In accordance with the overwhelming majority, if not all, of the cases to address the issue, the district court did not err in determining that a defendant must employ fifteen or more employees for more than twenty weeks during the year in which the alleged discrimination occurred or during the year preceding the discrimination. Because Komorowski's alleged retaliatory discharge occurred in 1996, the relevant years for determining Townline's status as an "employer" under Title VII are 1996 and 1995. Townline did not exist in 1995, and it employed more than fifteen employees for only approximately seventeen weeks during 1996. Therefore, the district court properly concluded that Townline was not an "employer" as defined by § 2000e(b).

For the foregoing reasons, we affirm the judgment of the district court which terminated Komorowski's Title VII claim.