Christina MORRIS–EBERHART,
Plaintiff,

v.

J.G. MATHENA & ASSOC., INC., d/b/a
Brennan–Mathena Funeral Home,
Defendant.

No. 98–4230–SAC.

United States District Court,
D. Kansas.

April 30, 1999.

Terry E. Beck, Topeka, KS, for defendant.

Monica M. Fanning, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, for plaintiff.

Alan V. Johnson, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, for plaintiff.

Kyle J. Mead, Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, KS, for plaintiff.

MEMORANDUM AND ORDER

CROW, Senior District Judge.

This Title VII employment discrimination case comes before the court on the defendant's motion to dismiss (Dk. 5), and the plaintiff's motion for a continuance pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. (Dk. 7). By its motion, the defendant seeks to dismiss for lack of subject matter jurisdiction. (Dk. 5). For the reasons given below, the court will construe the defendant's motion as a motion to dismiss for failure to state a claim and convert it to a summary judgment motion under Rule 56. The court also grants the plaintiff's motion for a continuance.

The plaintiff alleges claims of disparate treatment and sexual harassment in violation of Title VII's unlawful employment practices provision, 42 U.S.C. § 2000e–2. The defendant is "subject to Title VII, however, only if, at the time of the alleged ... [discrimination], it met the statutory definition of 'employer.'" *Walters v. Metropolitan Educational Enterprises, Inc.*, 519 U.S. 202, 205, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year." 42 U.S.C. § 2000e(b).

In its motion, the defendant asserts that it is not an "employer" under the Title VII definition, because it did not have fifteen or more employees during any relevant time period. The defendant submits an affidavit from one of its shareholders and directors averring the number of the defendant's employees for each of the years from 1996 through 1998 and for the month of January in 1999.[1] Saying it is not subject to Title VII, the defendant concludes that the case cannot arise under Title VII and that the district court does not have subject matter jurisdiction as a result. The defendant supports its argument that "[t]he number of employees is a jurisdictional prerequisite" with citations of three federal court opinions

1. The affidavit does not disclose the definition of     employee used by the affiant.

issued in 1979 and 1981 by district courts outside this circuit. (Dk. 6, pp. 3–4).

The plaintiff responds with a motion for continuance pursuant to Rule 56(f). (Dk. 7). The plaintiff asks that the defendant's motion be converted to a motion for summary judgment, because it is supported by matters outside the pleadings. The plaintiff contends it needs discovery from the defendant, in particular the defendant's payroll records, to obtain those essential facts to justify her position. The plaintiff further avers reasons for her good faith belief that the defendant's payroll records will demonstrate "that the defendant had employment relationships with fifteen or more individuals for each working day in twenty or more weeks during 1996 or 1997." (Dk. 7, p. 2).

Judge Lungstrum recently denied on procedural grounds a motion to dismiss for lack of subject matter jurisdiction that advanced the same argument. *Saxon v. Thompson Orthodontics,* No. 98–2401–JWL, 1999 WL 232913 (D.Kan. Mar. 31, 1999). In relevant part, he held:

It is well settled that "the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, *i.e.,* the courts statutory or constitutional power to adjudicate the case." *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998) (emphasis in original) (citation omitted). In fact, as the Supreme Court recently reiterated, "dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involved a federal controversy.'" *Id.* [citations omitted]. Although the Tenth Circuit has not had the opportunity to analyze whether the number of employees a person has for purposes of coverage under federal anti-discrimination laws is a "jurisdictional" issue which the district court may decide under Fed.R.Civ.P. 12(b)(1) by receiving evidence and making findings, [footnote omitted], two other circuit courts have recently applied the subject matter

jurisdiction principles summarized by the Supreme Court in *Steel Co.* to the issue before the court today. *See Komorowski v. Townline Mini–Mart & Restaurant,* 162 F.3d 962, 964 (7th Cir.1998); *Sharpe v. Jefferson Distributing Co.,* 148 F.3d 676, 677–78 (7th Cir.1998), *abrogated on other grounds by Papa v. Katy Indus., Inc.,* 166 F.3d 937 (7th Cir.1999); *E.E.O.C. v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 623–24 (D.C.Cir.1997). The court looks to these cases for guidance.

. . . .

The court finds the decisions of the Seventh Circuit and the D.C. Circuit persuasive, particularly in light of the limited circumstances under which a district court may properly dismiss a federal claim for lack of subject matter jurisdiction. *See Steel Co.,* 523 U.S. 83, 118 S.Ct. at 1010. Plaintiff here presents a non-frivolous claim under federal law. No more is necessary for subject-matter jurisdiction. *See Sharpe,* 148 F.3d at 677; *St. Francis,* 117 F.3d at 623 . . . .

Moreover, even if the court were to construe defendant's motion as a motion to dismiss for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6), the affidavits submitted by defendant in support of the motion would require the court to convert the motion to a motion for summary judgment under Rule 56 and to give plaintiff a reasonable opportunity to present all material pertinent to the motion. *See GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir.1997). Thus, defendant may file a motion for summary judgment on the issue of whether it is an "employer" for purposes of Title VII coverage, but plaintiff will be entitled to discovery on the issue prior to any ruling by the court.

1999 WL 232913, at *1, *3. This court fully concurs with the persuasive reasoning and conclusion reached by Judge Lungstrum in *Saxon.* As additional authority within this circuit for this approach, the court cites the decision of *Smith v. Norwest Financial Wyoming Inc.,* 964 F.Supp. 327, 330–31 (D.Wyo. 1996), *aff'd,* 129 F.3d 1408 (10th Cir.1997). Judge Brimmer in that case rejected the

defendants' post-trial argument that the court never had federal question jurisdiction because none of the defendants met the Title VII definition of employer. Judge Brimmer rejected this argument for the same reasons discussed by Judge Lungstrum:

> This argument is flawed. It posits that a plaintiff must prove that the defendant is bound by federal law for the Court to have jurisdiction.
>
> . . . .
>
> This Court has subject matter jurisdiction under § 1331 unless Smith's claim for relief is "so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536, 94 S.Ct. 1372, 39 L.Ed.2d 577 (1974). Plaintiff pled and tried a case with all the indicia of sexual harassment. Thus, the definition of employer under 42 U.S.C. § 2000e(b) is important only on substantive, rather than jurisdictional grounds. *E.E.O.C. v. Chicago Club*, 86 F.3d 1423 (7th Cir.1996).

964 F.Supp. at 331. On appeal, the Tenth Circuit affirmed *Smith* without ever mentioning or questioning the federal question jurisdiction. 129 F.3d at 1408.

Because the plaintiff does not directly challenge the procedural flaw in the defendant's motion to dismiss, the court will not deny the motion but will construe it as a motion under Rule 12(b)(6) and convert it to a motion under Rule 56. Pursuant to Rule 56(f), a party opposing a motion for summary judgment may seek deferral of a ruling pending discovery of essential facts. *See Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1521–22 (10th Cir.1992). A Rule 56(f) motion is committed to the district court's sound discretion. *See International Surplus Lines Ins. Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995). Such motions are liberally construed unless dilatory or lacking in merit. *Jensen v. Redevelopment Agency of Sandy City*, 998 F.2d 1550, 1554 (10th Cir.1993). The court finds that the plaintiff's declaration adequately explains why she cannot present facts as to preclude summary judgment without further discovery. In addition, she identifies the probable facts which she hopes to prove

with discovery of the defendant's payroll records.

IT IS THEREFORE ORDERED that the defendant's motion to dismiss (Dk. 5) is construed as a motion under Rule 12(b)(6) and converted it to a motion under Rule 56;

IT IS FURTHER ORDERED that the plaintiff's motion for a continuance pursuant to Rule 56(f) (Dk. 7) is granted, and the plaintiff shall have sixty days from the filing date of this order to complete her discovery on this issue and to file a response to the defendant's converted motion for summary judgment.

