**William SAPPERSTEIN,
Plaintiff–Appellant,**

v.

**Robert HAGER and Patricia Hager
doing business as B & G Cyclery,
Defendants–Appellees.**

No. 98–3390.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 18, 1999.

Decided Aug. 17, 1999.

Ernest T. Rossiello (argued), Rossiello & Associates, Chicago, IL, for Plaintiff–Appellant.

Kenneth B. Drost (argued), Hoffman Estates, IL, for Defendants–Appellees.

Before BAUER, MANION and ROVNER, Circuit Judges.

ILANA DIAMOND ROVNER, Circuit Judge.

This case is most centrally about whether an employee who alleges that he has been discharged for reporting violations of the minimum wage and maximum hour provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a)(1), 207(a)(1), can maintain an action under its retaliatory discharge provisions, *id.* § 215(a)(3), even if the sub-minimum wage payments or excessive hours do not in fact constitute a violation because the employer is not covered by the FLSA. We hold that the action can be maintained. Another issue presented concerns the credibility that a district court, in deciding a motion to dismiss for lack of subject matter jurisdiction, should accord to the affidavit of an employee of the defendants in making its jurisdictional factual determinations.

William Sapperstein was employed as a mechanic at B & G Cyclery ("B & G"), owned and operated by defendants Robert and Patricia Hager, in Lake County, Illinois. On January 15, 1998, he filed a complaint with the Illinois Department of Labor, alleging that the defendants were employing minors in violation of federal and state child labor and minimum wage laws. On February 15, 1998, he left B & G. On April 16, 1998, Sapperstein filed this lawsuit in federal district court. His initial complaint asserted only that he had not been paid for overtime in violation of fed-

eral and state law. *See* 29 U.S.C. § 207(a)(1); 820 ILCS 205/1.

The defendants filed a motion to dismiss the action for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), arguing that B & G was not an "employer" covered by the FLSA because its annual gross volume of sales made or business done was less than the jurisdictional amount of $500,000. *See* 29 U.S.C. § 203(s)(1)(A)(ii).[1] The defendants filed an affidavit by Nicole L. Hager–Hogan, manager of B & G, stating that gross annual sales for 1997 were $497,253.00. On August 6, however, Sapperstein filed an amended complaint which alleged, in addition to (1) the overtime claim, claims that: (2) B & G had been illegally employing minors at sub-minimum wages, *see* 29 U.S.C. § 206(a)(1); (3) Sapperstein had been constructively discharged in violation of 29 U.S.C. § 215(a)(3) in retaliation for reporting B & G's violations to the state authorities; and (4) B & G satisfied the jurisdictional amount and so was subject to the FLSA. At a hearing on August 19, the district court, ruling from the bench, granted the motion to dismiss. Sapperstein appeals, and we reverse.

 We review *de novo* the district court's grant of the motion to dismiss for lack of subject matter jurisdiction. *Long v. Shorebank Development Corp.,* 182 F.3d 548, 554 (7th Cir.1999). We first consider the stated grounds for the dismissal, the failure to satisfy the jurisdictional amount. Sapperstein's initial complaint may have been defective, as he concedes, because it did not allege that the defendants were "employers" engaged in interstate commerce for purposes of

the FLSA, *see* 29 U.S.C. § 203(s)(1)(A)(i), or that they satisfied the requirement that B & G was an "employer" doing at least $500,000 in annual gross sales made or business done. *Id.* § 203(s)(1)(A)(ii). However, if there was a defect in the pleading, it was cured by a subsequent amended complaint making the appropriate allegations. *See Central States, Southeast and Southwest Areas Pension Fund v. Midwest Motor Express, Inc.,* 181 F.3d 799, 805 (7th Cir.1999) (jurisdictional defects can be cured by amending complaint).

 Normally, we read a complaint liberally and " 'accept as true the well pleaded allegations of the complaint and the inferences that may be reasonably drawn from those allegations.' " *Panaras v. Liquid Carbonic Indust. Corp.,* 74 F.3d 786, 791 (7th Cir.1996) (internal citations omitted). The issue is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support the claims. " '[I]t may appear on the face of the pleadings that a recovery is very remote and unlikely[,] but that is not the test.' " *Kroll v. United States,* 58 F.3d 1087, 1090 (6th Cir.1995) (internal citations omitted). Where evidence pertinent to subject matter jurisdiction has been submitted, however, " 'the district court may properly look beyond the jurisdictional allegations of the complaint ... to determine whether in fact subject matter jurisdiction exists.' " *United Transportation Union v. Gateway Western Railway Co.,* 78 F.3d 1208, 1210 (7th Cir.1996) (internal citations omitted). The plaintiff has the obligation to establish jurisdiction by competent proof. *Commodity Trend Service, Inc. v. Commodity Futures Trading*

---

1. We have held that failure to meet the statutory definition of an employer in a Title VII or ADEA context is not a defect of subject matter jurisdiction but an ordinary failure to meet a statutory requirement. *See Komorowski v. Townline Mini–Mart and Restaurant,* 162 F.3d 962, 964 (7th Cir.1998) (citing cases). This case involves a different statute, but the question arises whether that makes it distinguishable. The issue was not argued here, and it

would make no difference to the outcome and little difference in the reasoning if we said that defendants' motion might have been treated instead as a motion for summary judgment. *See id.* at 964–965. We therefore defer deciding whether *Komorowski* applies to the FLSA until the issue is briefed in a case where it arguably matters, and we follow the district court in treating this case as concerning subject matter jurisdiction.

*Comm'n*, 149 F.3d 679, 685 (7th Cir.1998). The presumption of correctness that we accord to a complaint's allegations falls away on the jurisdictional issue once a defendant proffers evidence that calls the court's jurisdiction into question. *Id.* Under a Rule 12(b)(1) motion we review the district court's resolution of jurisdictional factual issues for abuse of discretion. *Anthony v. Security Pacific Financial Servs., Inc.*, 75 F.3d 311, 315 (7th Cir.1996).

The district court here credited the affidavit of B & G's manager, Hager–Hogan, which provided the factual basis of the claim that the defendants were not covered by the minimum wage and maximum hour provisions of the FLSA, falling about $2,500 short of the $500,000 requirement to be an "employer" under the FLSA. In the usual case, such a determination is within the district court's sound discretion, and our review of a district court's factual determination as to jurisdiction is very deferential. *See Olander v. Bucyrus–Erie Corp.*, 187 F.3d 599, 607 (7th Cir.1999) (abuse of discretion only if determinations " 'were not just clearly incorrect but downright unreasonable' "). Here, though, the district court abused its discretion. It was not reasonable, in the context of a motion to dismiss, to credit an affidavit from the defendants' manager as to the amount of gross sales when the plaintiff had no real opportunity to contest the allegation. An employee of the defendants is not a disinterested witness. She is subject to their influence, in a sense in their power; and it is not easy to make a credibility determination from the face of an affidavit. Moreover, the roughly $2,500 by which Hager–Hogan's affidavit states B & G falls short of the required amount is close enough to be within the range of accounting error if not to raise other doubts. Sapperstein had no opportunity to conduct discovery to challenge the credibility of the affidavit. Given its source and content, in the circumstances the affidavit was not by itself credible, and the trial court erred in relying upon it without further inquiry.

Even had the evidence that the defendants failed to satisfy the required amount been more solid, however, Sapperstein introduced an alternative basis for subject matter jurisdiction which evaded that requirement. In his amended complaint, he added a retaliation charge under 29 U.S.C. § 215(a)(3), which is drafted to prohibit "any person" from discharging or discriminating against any employee "because such employee has filed any complaint or instituted ... any proceeding under or related to this chapter." Defendants Robert and Patricia Hager, and B & G Cyclery as a corporation, are "persons" for the purposes of § 215, which is broader than §§ 206 and 207. These sections cover "employers," which are defined under § 203(s)(1)(A)(ii) as enterprises that, among other things, do $500,000 in gross annual sales. There is no required amount, however, to be a "person" under § 215. Even if Sapperstein's minimum wage and maximum hour action were not maintainable because of failure to meet the required amount, his retaliation claim would lie.

Sapperstein made this point to the district judge, who rejected the argument because the conduct of the defendants which Sapperstein reported to the Illinois Labor Department "was not a violation." By this the district court evidently meant that because B & G's gross annual sales were below the $500,000 required amount for the federal minimum wage and maximum hour laws, it was not a violation for B & G to employ minors at sub-minimum wages or to fail to pay Sapperstein himself overtime for his excess hours, as Sapperstein had reported to the state authorities. The district court seems to have thought that Sapperstein could not bring a retaliation claim under § 215 unless he was discriminated against for reporting conduct which was an actual violation of § 207. Strictly speaking a dismissal on these grounds would be under Fed.R.Civ.P. 12(b)(6) (failure to state a claim) rather than under Rule 12(b)(1) (lack of subject matter jurisdiction), but it makes no difference here. Section 215(a)(3) does not re-

quire that a plaintiff be discriminated against because he reported conduct constituting an actual violation, but only because he "filed *any* complaint or instituted ... *any* proceeding *under or related to* this chapter." (emphasis added).

■ The starting point for the interpretation of a statute " 'is the language of the statute itself. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive.' " *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 835, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990) (internal citation omitted). Here, the statutory language is quite clear and very broad. Congress made it illegal for any person, not just an "employer" as defined under the statute, to retaliate against any employee for reporting conduct "under" or "related to" violations of the federal minimum wage or maximum hour laws, whether or not the employer's conduct does in fact violate those laws. Congress might have put the risk on the employee to do his or her homework and make sure that there was actually a violation before going to the authorities, but it instead protected the employee regardless. Moreover, "the remedial nature of the statute further warrants an expansive interpretation of its provisions...." *Herman v. RSR Security Services,* 172 F.3d 132, 139 (2d Cir.1999).

■ The policy rationale is evident. Determining whether there is an actual violation can mislead even an experienced district court, and a sensible employee who knew he had to be right to enjoy whistleblower protection would think twice about reporting conduct which might turn out to be lawful. Congress instead wanted to encourage reporting of suspected violations by extending protection to employees who filed complaints, instituted proceedings, or indeed, testified in such proceedings, as long as these concerned the minimum wage or maximum hour laws. To enjoy those protections the conduct at issue must be "under" or "related to" those laws. There is no requirement that those

laws must actually be violated. It is sufficient that the plaintiff had a good-faith belief that they might be violated. No further requirements are implied by the law.

■ The defendants object that we have not definitively ruled whether filing a claim with a state Department of Labor qualifies as protected activity under this section of the FLSA. We have now so ruled, and it is protected activity, although of course it is not the only sort of protected activity. *See* 29 U.S.C. § 215(a)(3) (forbidding retaliation against an employee who has "filed any complaint or instituted ... any proceeding under or related to this chapter"). Sapperstein filed a complaint or instituted proceedings by reporting to the appropriate authorities conduct which was clearly under or related to the minimum wage and maximum hours laws. There is no reason to doubt his good faith. He was therefore protected from retaliation whether or not the conduct he reported was a violation of those laws.

Accordingly we REVERSE the district court's dismissal for want of subject matter jurisdiction and REMAND for further consistent proceedings.