Kwan **CORTEZ** and William Ramos, Plaintiffs,

v.

Deputy Sheriff Jim **CLOSE**, Deputy Sheriff Matthew Manion, Michael F. Sheahan, Sheriff of Cook County, County of Cook. Defendants.

No. 99 C 2397.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 9, 2000.

Blake Wolfe Horwitz, Law Offices of Blake Horwitz, Chicago, IL, for Plaintiff.

## MEMORANDUM OPINION AND ORDER

SCHENKIER, United States Magistrate Judge.

The plaintiffs, Kwan Cortez ("Cortez") and William Ramos ("Ramos"), have brought this action against Deputy Sheriff Jim Close ("Close"), Deputy Sheriff Mat-thew Manion ("Manion"), the County of Cook, and the Cook County Sheriff (Michael F. Sheahan) alleging violations of 42 U.S.C. §§ 1981 and 1983; the Fourth and Fourteenth Amendments to the Constitution of the United States; and various state common law claims including assault and battery, intentional infliction of emotional distress, and false arrest. Plaintiffs assert federal subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a), and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a).

Defendants Close and Manion have been sued in their individual capacities (Third Am. Compl., ¶ 3). Defendants Close and Manion have moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(1), on the ground that the Court lacks subject matter jurisdiction under the doctrine of quasi-judicial absolute immunity (doc. # 38–1).[1] For the reasons discussed below, the motion to dismiss by defendants Close and Manion is denied.

### I.

A motion to dismiss tests the sufficiency of the complaint, not the ultimate merits of the suit. *In re HealthCare Compare Corp. Sec. Litig.*, 75 F.3d 276, 279 (7th Cir.1996). On a motion to dismiss for lack of subject matter jurisdiction, all well-pleaded factual allegations in the complaint are taken as true, *Komorowski v. Townline Mini–Mart & Restaurant*, 162 F.3d 962, 964 (7th Cir. 1998) *(per curiam)*, and the district court must draw all reasonable inferences from those allegations in the plaintiff's favor. *United Transp. Union v. Gateway Western Ry. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996) *(citing Rueth v. EPA*, 13 F.3d 227, 229 (7th Cir.1993)).

However, where (as here) dismissal is sought on the ground of lack of jurisdiction, "[t]he district court may properly look beyond the jurisdictional allegations

---

1. Defendants Close and Manion filed their motion in response to the Second Amended Complaint. However, the parties have agreed that the Third Amended Complaint does not alter the issue raised in the motion to dismiss, and that the motion is thus applicable to the Third Amended Complaint. *See* Order of 11/16/99.

of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir.1999); *United Transportation Union v. Gateway Western Railway Co.*, 78 F.3d 1208, 1210 (7th Cir.1996); *Capitol Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1993) (*per curiam*) (*quoting Grafon Corp. v. Hausermann*, 602 F.2d 781, 783 (7th Cir.1979)). In this case, defendants have submitted extrinsic evidence bearing on the issue of jurisdiction, namely the order of possession issued by the Circuit Court of Cook County, so the Court will decide the motion based on the allegations in the complaint and the terms of the order.

## II.

The facts alleged in the plaintiff's Third Amended Complaint ("Complaint"), which the Court accepts as true for the purposes of this motion, are as follows. On or about May 13, 1998, plaintiffs were in their residence (Compl., ¶ 5). The defendant deputies arrived at plaintiffs' residence with a court order of eviction (*Id.*, ¶ 6). Rather than simply serving the plaintiffs with the order, however, the defendant deputies allegedly searched the plaintiffs' home; kicked in bedroom doors; threw Mr. Cortez against a wall and placed a gun to his head; and handcuffed Mr. Ramos (Compl., ¶ 5). Plaintiff's allege that as a result of these actions, they were in the custody of and arrested by the defendants without their consent (*Id.*). Plaintiffs also allege that they were never charged with a criminal offense (Compl., ¶ 7), and were not placed in a squad car or transported to a police station (Compl., ¶ 10).

Plaintiffs assert that at no time did they provoke or threaten the defendant deputies, or conduct themselves in a manner that would justify the arrest and abuses alleged (Compl., ¶ 11). Plaintiffs contend that the defendants did not have probable cause or reasonable suspicion to believe plaintiffs had committed a criminal act or that plaintiffs had on their person or in their home any illegal substances, weapons and/or any device or contrivance "contrary to the laws of the State of Illinois and/or the United States" (Compl., ¶¶ 8, 9, 12).

The Complaint contains eight counts.[2] Count I asserts a Section 1983 claim alleging that the defendants' use of excessive force and search of plaintiffs' premises violated plaintiffs' Fourth Amendment rights. Count II asserts a Section 1983 claim alleging that the physically abusive and unreasonable search of the plaintiffs' apartment violated their Fourth Amendment rights. Count III is a supplementary state law claim against the defendant deputies for assault and battery. Count IV is a supplementary state law claim against the defendant deputies for intentional infliction of emotional distress. Counts V and VI assert a Section 1983 claim and a state law claim, respectively, for false arrest. Count VII is an indemnification claim against the Sheriff of Cook County, alleging that the defendant deputies committed the alleged acts under color of law and in the scope of their employment as employees of the Sheriff of Cook County. 745 ILCS 10/9–102. Count VIII is an indemnification claim against the Cook County to reimburse the Sheriff for any judgment rendered against him and/or his employees. 55 ILCS 5/5–1002.

## III.

Defendants seek to dismiss all counts based solely on the argument that Messrs. Close and Manion are entitled to quasi-judicial absolute immunity. An "official seeking absolute immunity bears the burden of showing that such immunity is justified for the function in question." *Davis v. Zirkelbach*, 149 F.3d 614, 617 (7th Cir. 1998) (*citing Burns v. Reed*, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991)

---

2. The Third Amended Complaint misnumbers the counts by omitting numeral V and using numeral VIII twice. The Court will refer to each count in the proper numerical sequence.

(holding state prosecutor absolutely immune from liability for damages under Section 1983 for participating in probable cause hearing, but not entitled to absolute immunity for giving legal advice to police)); *Walrath v. United States,* 35 F.3d 277, 281 (7th Cir.1994) *(citing Antoine v. Byers & Anderson, Inc.,* 508 U.S. 429, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993)). In this case, the defendants therefore bear the burden of establishing their immunity claim.

■■■ The doctrine of absolute immunity shields judges from civil liability for acts committed in the exercise of their jurisdiction. *Eades v. Sterlinske,* 810 F.2d 723, 725 (7th Cir.1987). Non-judicial officials whose official duties have an integral relationship with the judicial process are also entitled to absolute immunity for their quasi-judicial conduct. *Henry v. Farmer City State Bank,* 808 F.2d 1228, 1238 (7th Cir.1986) (those performing ministerial acts under a judge's supervision and intimately related to judicial proceedings have quasi-judicial immunity); *Dellenbach v. Letsinger,* 889 F.2d 755 (7th Cir.1989) (same); *Ashbrook v. Hoffman,* 617 F.2d 474, 476 (7th Cir.1980) (same).

■ For example, a public official such as a sheriff or a sheriff's deputy who performs ministerial acts at the direction of a judge, including the execution of a court order, *Henry,* 808 F.2d at 1239, is entitled to quasi-judicial immunity. *Ashbrook,* 617 F.2d at 477 n. 4. *See also Tarter v. Hury,* 646 F.2d 1010, 1013 (5th Cir.1981) (court clerks immune from acts that are specifically required to do under court order); *Hazo v. Geltz,* 537 F.2d 747, 750 (3d Cir. 1976) (officials acting under direct order of court entitled to absolute immunity);

*Duba v. McIntyre,* 501 F.2d 590, 592 (8th Cir.1974) (officials entitled to absolute immunity for ministerial acts where they do nothing other than perform orders issuing from a court). However, quasi-judicial immunity only extends to the conduct prescribed by the order. *Valdez v. City and County of Denver,* 878 F.2d 1285, 1286 (10th Cir.1989). It does not immunize a sheriff's deputies for actions taken beyond those ordered by the court or authorized by the court order. *See Rucinski v. United States,* No. 94 C 6619, 1995 WL 103744, *3 (N.D.Ill.1995) (J. Conlon) (sheriffs were not entitled to immunity from performing acts not directed by the court order of eviction).

■ In this case, plaintiffs claim the defendant deputies' alleged actions went far beyond merely performing ministerial acts required to execute the court order of eviction. Taking the allegations as true for purposes of this motion, the Court agrees that searching the premises, kicking in the bedroom doors, placing a gun to the head of Cortez, and throwing Cortez against a wall, and handcuffing Ramos—all without provocation or probable case—are not the "ministerial duties" the court order of possession authorized or required. *See* Defs.' Ex. A (Order of Possession). If factually supportable (a proposition on which we of course express no view), these allegations could raise a triable issue on the quasi-judicial immunity issue, as quasi-judicial immunity does not immunize acts that the order did not specifically require the officers to perform. *See Rucinski* 1995 WL at *3. At the pleading stage, these allegations are sufficient to defeat defendants' attempt to obtain dismissal based on quasi-judicial immunity.[3]

---

**3.** Although not raised by the parties, we note that the claims here are not barred by the Eleventh Amendment. The Seventh Circuit has held that while an official capacity damages suit against sheriffs based on their non-discretionary conduct in executing a state court order is a suit against the state that is barred by the Eleventh Amendment, an individual capacity damages suit—such as the one

at bar—is not. *Scott v. O'Grady,* 975 F.2d 366, 369 (7th Cir.1992). Likewise, the indemnification counts in plaintiff's case do not raise an Eleventh Amendment bar under the law of this Circuit. In *Stoner v. Dept. of Agr., Trade & Cons. Prot.,* 50 F.3d 481, 483 (7th Cir.1995), the Seventh Circuit reaffirmed its earlier observation that even a state law mandating indemnification of state employees

## CONCLUSION

WHEREFORE, for the foregoing reasons, defendants' Close and Manion's motion to dismiss (doc. # 38–1) is denied. Defendants Close and Manion shall file their answer to the Third Amended Complaint on or before February 29, 2000.

sued in their individual capacities for acts committed in the course of employment would not convert an individual capacity suit into a suit against the state. *See also Duckworth v. Franzen*, 780 F.2d 645, 650–51 (7th Cir.), *cert. denied*, 479 U.S. 816, 107 S.Ct. 71, 93 L.Ed.2d 28 (1985). In any event, the plaintiff's indemnity claims against the Sheriff and Cook County arise under 745 ILCS 10/9–102 and 55 ILCS 5/5–1002, which authorize Cook County and other local public entities (not the State of Illinois) to provide indemnity under certain circumstances.