Joyce L. **MAUL**, Plaintiff–Appellant,

v.

**INDIANA BELL TELEPHONE COMPANY, INC., d/b/a Ameritech Indiana,** Defendant–Appellee.

No. 02–1677.

United States Court of Appeals, Seventh Circuit.

Submitted Oct. 16, 2002.*

Decided Oct. 16, 2002.

Before BAUER, POSNER, and DIANE P. WOOD Circuit Judges.

ORDER

Joyce Maul, an Indianapolis resident proceeding *pro se,* sued her local telephone service provider, Indiana Bell, alleging that it failed to address her repeated complaints that it crossed another telephone line with her private line, and that as a result unknown persons answer, eavesdrop on, and interrupt her calls. When the district court directed Maul to identify the basis for the court's jurisdiction, she alleged that Indiana Bell's deficient service

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

violated her First and Fourth Amendment rights, and that the Federal Communications Act of 1934, as amended by the Telecommunications Act of 1996, 47 U.S.C. § 151 *et seq.*, authorized her to sue Indiana Bell in federal court. *See* 47 U.S.C. § 207. Indiana Bell filed a motion to dismiss the action for lack of subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1), arguing that its conduct could not be construed as state action, *see* 42 U.S.C. § 1983, and that the private right of action authorized by the Communications Act did not apply to suits against local telephone service providers, *see* 47 U.S.C. §§ 152(b), 153(10), 207. The district court agreed and granted Indiana Bell's motion. Maul now appeals and we affirm.

We review *de novo* the district court's dismissal for lack of subject matter jurisdiction. *Sapperstein v. Hager*, 188 F.3d 852, 855 (7th Cir.1999). District courts have original jurisdiction over civil actions arising under the Constitution, the laws, or treaties of the United States. 28 U.S.C. § 1331. On appeal Maul does not challenge the district court's conclusion that she failed to raise an actionable constitutional claim, but she insists that the district court erred in concluding that no federal statute establishes subject matter jurisdiction for her dispute with Indiana Bell. Specifically, Maul argues that section 207 of the Communications Act authorizes her to file a federal lawsuit to recover damages for Indiana Bell's failure to furnish her reasonably adequate local residential telephone services. *See* 47 U.S.C. § 207.

Section 207 provides, in pertinent part, "[a]ny person claiming to be damaged by any *common carrier* subject to the provisions of this chapter [47 U.S.C. § 151 *et seq.*] ... may bring suit for recovery of the damages ... in any district court of the United States of competent jurisdic-

tion...." *Id.* (emphasis added). Maul equates the term "common carrier" with "telephone service provider," and therefore argues that § 207 authorizes her to sue Indiana Bell in federal district court. But the statute does not define "common carrier" so broadly. In another provision of the Act, "common carrier" is defined as "any person engaged ... in interstate or foreign communication by wire." 47 U.S.C. § 153(10). This definition does not mention local or "intrastate" communications providers, of which, Maul admits in her brief on appeal, Bell is one. Moreover, elsewhere the Communications Act expressly limits the scope of its regulation to interstate communications:

> [N]othing in this chapter [47 U.S.C. § 151, *et seq.*] shall be construed to apply ... [to] claims arising out of charges, classifications, practices, services, facilities, or regulations for or in connection with *intrastate* communication service by wire or radio of any carrier.

47 U.S.C. § 152(b) (emphasis added). Because Maul concedes that Bell is only a local (intrastate) telephone service provider and not a long distance (interstate) carrier, the district court did not err in concluding that Maul's action does not fall within the express language of § 207, and that she failed to establish federal subject matter jurisdiction under 28 U.S.C. § 1331.

AFFIRMED.