Sylverstine THOMAS, Plaintiff–
Appellant,

v.

MEISTER HEATING & AIR
CONDITIONING, INC.
Defendant–Appellee.

No. 03–2666.

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 3, 2004.*

Decided March 5, 2004.

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Sylverstine Thomas, Peoria, IL, for Plaintiff–Appellant.

David Stuckel, Harvey & Stuckel, Peoria, IL, for Defendant–Appellee.

Before RIPPLE, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Sylverstine Thomas, proceeding *pro se,* sued her former employer, Meister Heating & Air Conditioning, Inc., for race and sex discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* Meister moved for judgment on the pleadings, *see* Fed.R.Civ.P. 12(c), noting that the Equal Employment Opportunity Commission had dismissed Thomas's charge of discrimination after concluding that the company employed fewer than fifteen persons and therefore was not subject to the Act. The district court granted the motion and denied Thomas's subsequent motion to reconsider.

Thomas alleged in her complaint that Meister discriminated against her through acts of her supervisor, who called her racially derogatory names, addressed her as "girl," made "monkey sounds" at her, threatened her with weapons and with violence, shot a nail gun at her, kicked her on her buttocks, spit on the tools she was about to handle, and passed out her paycheck by tossing it to the ground on pay day rather than handing it directly to her. Thomas attached the right-to-sue letter she had received from the EEOC to her complaint; that letter advises that the agency dismissed Thomas's charge of discrimination because it had concluded that Meister employed fewer than the fifteen employees necessary to bring the company within the coverage of Title VII. *See* 42 U.S.C. § 2000e(b).

Meister filed an answer and moved for judgment on the pleadings under Rule 12(c) based on the EEOC's statement in the right-to-sue letter about the insufficient number of employees. Meister also pointed to language in the complaint in which Thomas acknowledged that her charge of discrimination had been dismissed because "Respondent employs less than the required number of employees." Thomas did not respond to the motion, which the district court granted three weeks later. Citing only the EEOC's finding that Meister did not have the requisite number of employees, the court opined that it had "no basis to arrive at a different conclusion."

Three days later, Thomas filed a two-sentence motion to "reopen the case so that I may respond to the motion for judgment on the pleadings." She added that she had been "under the impression" that she would have 30 days to answer "all documents" that she received. The district court denied her motion. The court reasoned that to the extent her motion could be construed as one under Federal Rule of Civil Procedure 59, it was without merit because Thomas did not argue that any error of law or fact had resulted from her inability to respond. And, the court added, to the extent her motion was really one under Federal Rule of Civil Procedure 60(b), it failed because Thomas did not demonstrate extraordinary circumstances indicating excusable neglect or an unjust result.

On appeal Thomas argues in a somewhat disjointed fashion that the district court erred in granting judgment on the pleadings because in fact Meister did employ more than fifteen people. In her brief she identifies by name fifteen purported Meister employees, including herself, and asserts that this list is sufficient

to bring her claim against Meister within the Title VII.[1]

Rule 12(c) allows a party to move for judgment on the pleadings, which are defined in Rule 7(a) to include at a minimum the complaint and the answer. *See Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir.2002); *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir.2002). The standard for deciding a Rule 12(c) motion is the same as for motions to dismiss under Rule 12(b)(6) for failure to state a claim. *See R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local Union 150, AFL–CIO*, 335 F.3d 643, 647 (7th Cir. 2003). Judgment is appropriate only when it appears beyond doubt that the nonmoving party cannot prove any facts that would sustain his claim. *Id.* We read the complaint in the light most favorable to the nonmoving party and review a district court's grant of judgment on the pleadings *de novo. Id.*

■ Whether Meister had fifteen employees is not a jurisdictional question. *See Papa v. Katy Indus., Inc.*, 166 F.3d 937, 943 (7th Cir.1999). It is a substantive element Thomas must prove to establish her claim. *See Komorowski v. Townline Mini–Mart & Rest.*, 162 F.3d 962, 964 (7th Cir.1998) (per curiam). Regardless of any EEOC finding about the number of persons employed by Meister, the question may be the subject of litigation in the district court independent of the EEOC's view. *See id.* at 964–66 (upholding district court's finding, made after proceeding that satisfied Fed.R.Civ.P. 56, that plaintiff could not establish that employer was covered by Title VII); *Sedlacek v. Hach*, 752 F.2d 333, 334–35 (8th Cir.1985) (noting district court's finding, despite earlier adverse decision by EEOC, that defendant employed requisite number of employees for Title VII coverage); *Burke v. Friedman*, 556 F.2d 867, 868–70 (7th Cir.1977) (upholding district court's finding, made on basis of parties' stipulation of fact, that defendant did not have the requisite number of employees).

■ Meister's Rule 12 motion asserts that Thomas's complaint "shows on its face that the Defendant employs fewer persons than required for this court to assert jurisdiction over the alleged claim." But nothing in Thomas's complaint or attached EEOC right-to-sue letter constitutes an admission that Meister had fewer than fifteen employees. Her statement about the EEOC finding must be taken in context. In *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 454 (7th Cir.1998), we considered the effect of statements in attachments to a complaint that might be viewed as inconsistent with the complaint and held that whether an exhibit trumps a contradictory allegation in the complaint turns on the purpose for which the attachments are submitted. In determining the meaning of an attached document, a district court must consider "why a plaintiff attached the documents, who authored the documents, and the reliability of the documents." *Id.* at 455. In this case Thomas represented in her complaint that the EEOC had found that Meister employed fewer than fifteen people, not because she was endorsing the accuracy of

---

1. Thomas also argues in this court that even if we conclude that Meister did not have the requisite number of employees, her complaint should have been allowed to proceed because of the availability of another statute–42 U.S.C. § 1981–that does not set a limit on the minimum number of employees required to state a claim for employment discrimination. Be-cause Thomas did not raise a § 1981 claim in the district court, however, she has waived this argument. *See Hojnacki v. Klein–Acosta*, 285 F.3d 544, 549 (7th Cir.2002); *Hardin v. S.C. Johnson & Son, Inc.*, 167 F.3d 340, 347 (7th Cir.1999); *Gibson v. Kroger Co.*, 506 F.2d 647, 653 (7th Cir.1974).

the statement, but because the preprinted, form "pro se complaint" that she filled out has a question asking for the EEOC's disposition ("the final result") of the charge of discrimination. And Thomas attached the right-to-sue letter itself, not because she wanted to concede that her situation fell beyond the reach of Title VII, but because the form complaint directed her to attach "copies of all documents" relating to the administrative proceedings, "ESPECIALLY YOUR RIGHT–TO–SUE LETTER." All that the complaint and right-to-sue letter tell us about the number of Meister's employees is the position of the EEOC, not of Thomas.

 Meister's position in moving to dismiss was that Thomas's complaint alone established that the company was not covered by Title VII. But, as we have said, the complaint and its attachment identify the view of the EEOC, and that is all. Whether the company actually employed fifteen people is still a matter of material fact that Thomas will have to prove to stave off summary judgment. At this stage, however, the pleadings revealed only what the EEOC thought about this issue, in a nonadversary proceeding. That information was not enough to satisfy the company's burden of showing "beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief" and that there exist "no material issues of fact to be resolved." *Brunt*, 284 F.3d at 718–19. Accordingly, the district court erred in granting the motion.

The judgment of the district court is VACATED, and the case is REMANDED for further proceedings.