Rosalind **KRASNER**, Plaintiff,

v.

The **EPISCOPAL DIOCESE OF LONG ISLAND**, Church of the Advent, Jeffrey Krantz, Reverend (sued in his individual capacity pursuant to N.Y. Executive Law sec. 290 et seq.), Ken Sybesma (sued in his individual capacity pursuant to N.Y. Executive Law sec. 290 et. seq.), Defendants.

No. 03 CV 6253(ADS)(MLO).

United States District Court,
E.D. New York.

July 5, 2005.

Scott Michael Mishkin, Esq., Islandia, NY, for Plaintiff.

Lynch & Lynch by Brian M. Hussey, Esq., and James D. Lynch, Esq., Of Counsel, Mineola, NY, for Defendant The Episcopal Diocese of Long Island.

Law Offices of Frederick K. Brewington, Hempstead, NY, for Defendants Church of the Advent, Jeffrey Krantz, and Ken Sybesma.

## ORDER

SPATT, District Judge.

This case involves claims by the plaintiff Rosalind Krasner ("Krasner" or the "Plaintiff") of sexual harassment and hostile work environment against The Episcopal Diocese of Long Island ("Diocese"), Church of the Advent, Reverend Jeffrey Krantz ("Krantz"), and Reverend Ken Sybesma ("Sybesma") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e ("Title VII") and New York's Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYHRL"). Presently before the Court is a motion by the Church of the Advent, Krantz, and Sybesma to dismiss the amended complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.").

## I. BACKGROUND

The factual background was more fully set forth in this Court's previous Memorandum of Decision and Order dated August 9, 2004. In the previous Order, the Court dismissed all claims against the Diocese, with leave to amend, for the Plaintiff's failure to allege in the complaint that the Diocese was her employer. The Court also noted that the Plaintiff's cross-motion to file an amended complaint against all of the parties was unnecessary given the procedural posture of the case at the time. On September 7, 2004, the Plaintiff filed an amended complaint. For purposes of this

motion, the relevant factual allegations in the amended complaint will be stated.

Krasner was hired on September 13, 1993, as the Church of the Advent's Parish Office Administrator. The amended complaint alleges that both the Church and the Diocese hired the plaintiff for the position. As Office Administrator, her responsibilities included maintaining finances; accounting of incoming money; banking deposits; managing financial reports; cutting payroll checks; paying monthly bills; scheduling Church and community functions at the parish hall; addressing parishioners telephone inquiries; and preparing bulletins. Although she worked for the Church of the Advent, the amended complaint alleges that she received remuneration, benefits, and a pension from the Diocese, and that the Diocese was an "employer" under the provisions of Title VII.

On or about December 22, 1996, Krantz became the Reverend for the Church of the Advent as well as the Plaintiff's immediate supervisor. Reverend Sybesma also worked for the Church of the Advent, but the amended complaint does not allege that he in any way supervised the Plaintiff.

The amended complaint contains numerous allegations of instances where Krantz and Sybesma subjected the Plaintiff to grossly lewd sexual acts and harassment. The Plaintiff describes a litany of incidents in which Krantz humiliated and verbally abused the plaintiff to attempt to force her to leave her position at the Church. Further, the amended complaint states that the plaintiff complained to Krantz and the Diocese about Sybesma's behavior, but they did nothing to stop it.

In the instant motion, the Church of the Advent moves to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6) for the following reasons: (1) the amended complaint does not allege that it is an employer covered under Title VII; (2) it does not qualify as an "employer" under Title VII because it does not have fifteen employees; and (3) no charge of discrimination was filed with the EEOC or other agency naming it as a defendant. Sybesma moves to dismiss the complaint for failure to state a claim upon which relief may be granted.

## II. DISCUSSION

### A. The Motion to Dismiss Standard

■ The Defendants move to dismiss the complaint pursuant to both Rule 12(b)(1) and 12(b)(6), and have submitted numerous exhibits in support of the motion. However, all of the grounds upon which they seek dismissal are not jurisdictional in nature. The primary argument in the Church of the Advent's motion to dismiss contends that they are not an "employer" within the meaning of Title VII because they do not employ fifteen or more employees. Although there appears to be a split in the circuits as to whether this issue is a jurisdictional question or a merit inquiry, the Second Circuit has determined that it is not jurisdictional, but a "ground for defeating [the] claim on the merits." *Da Silva v. Kinsho Int'l Corp.,* 229 F.3d 358, 365 (2d Cir.2000) *accord Fernandez v. M & L Milevoi Mgmt.,* 357 F.Supp.2d 644, 647 (E.D.N.Y.2005); *see also Nesbit v. Gears Unlimited, Inc.,* 347 F.3d 72 (3d Cir.2003), *cert. denied,* 541 U.S. 959, 124 S.Ct. 1714, 158 L.Ed.2d 400 (2004); *Johnson v. Apna Ghar, Inc.,* 330 F.3d 999 (7th Cir.2003); *EEOC v. St. Francis Xavier Parochial School,* 117 F.3d 621, 623–25 (D.C.Cir.1997). *But see Greenlees v. Eidenmuller Enters., Inc.,* 32 F.3d 197 (5th Cir.1994) (holding the issue of number of employees to be jurisdictional); *Childs v. Local 18, IBEW,* 719 F.2d 1379 (9th Cir.1983) (same); *Thurber v. Jack Reilly's, Inc.,* 717 F.2d 633 (1st Cir. 1983) (same); *Armbruster v. Quinn,* 711 F.2d 1332 (6th Cir.1983) (same); *Owens v.*

*Rush,* 636 F.2d 283 (10th Cir.1980) (same). The Supreme Court has declined to address the issue on several occasions. *See Walters v. Metropolitan Educational Enterprises, Inc.* 519 U.S. 202, 117 S.Ct. 660, 136 L.Ed.2d 644 (1997); *Hishon v. King & Spalding* 467 U.S. 69, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984).

■ Accordingly, the Second Circuit's decision in *Da Silva* is controlling, and this Court may only dismiss the claim against the Church of the Advent on this ground if the complaint fails to show on its face that it is an employer under Title VII. *See Da Silva,* 229 F.3d at 366. In addition, the Church of the Advent's other ground for dismissal, namely the failure to file a complaint with the EEOC, is also not a jurisdictional requirement. *Francis v. City of New York,* 235 F.3d 763, 768 (2d Cir.2000); *see also Legnani v. Alitalia Linee Aeree Italiane, S.P.A.,* 274 F.3d 683, 685 (2d Cir.2001).

As a consequence, the Court may consider "only the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken...." *Samuels v. Air Transport Local 504,* 992 F.2d 12, 15 (2d Cir.1993). If the parties include materials outside the pleadings on a motion to dismiss under 12(b)(6) and those materials are not excluded by the court, the court is required to treat the motion as one for summary judgment under Rule 56. *See* Fed. R.Civ.P. 12(b)(6). However, the court has discretion to "exclude the additional material and decide the motion on the complaint alone...." *Kopec v. Coughlin,* 922 F.2d 152, 154 (2d Cir.1991) (internal quotations omitted); *Moses v. Citicorp Mortg., Inc.,* 982 F.Supp. 897, 901–02 (E.D.N.Y. 1997). Although both parties have submitted numerous exhibits outside of the pleadings in support of their arguments, the Court declines to consider those materials and declines to convert the instant motion to one for summary judgment.

**B. As to the Claims against the Church of the Advent**

■ Section 703(a) of Title VII prohibits an employer from engaging in employment discrimination based on race, color, religion, sex or national origin. *See Yerdon v. Henry,* 91 F.3d 370, 375 (2d Cir. 1996); 42 U.S.C. §§ 2000e–2(a). As such, an employer-employee relationship must have existed between the parties in order to maintain an action under Title VII. *See, e.g., Kern v. City of Rochester,* 93 F.3d 38, 45 (2d Cir.1996). The term "employer" is defined in the Title VII statute as any "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C. § 2000e(b).

The Plaintiff's amended complaint fails to allege that the Church of the Advent is an employer or that there was an employee-employer relationship between the parties. Rather, the amended complaint only alleges that the Diocese was an "employer" under the statute and provided the Plaintiff with pay, benefits, and pension. The only allegation in the amended complaint concerning the Plaintiff's relationship with the Church of the Advent is that it "hired" her on September 13, 1993. However, two paragraphs later, an almost identical statement is made with the Diocese substituted for the Church of the Advent.

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. *Jacobs v. Ramirez,* 400 F.3d 105, 106 (2d Cir.

2005). Even with a liberal reading of the amended complaint, there is a paucity of factual allegations detailing the relationship between the Church of the Advent and Krasner. On the other hand, there are numerous allegations pertaining to the relationship between Krasner's employment relationship with the Diocese. The mere fact that the Church of the Advent took part in the decision to hire the Plaintiff cannot alone sustain a claim against it under Title VII.

■ The New York Executive Law does not require that an employer-employee relationship exist to maintain a cause of action under state law. Section 296(6) of the statute provides that "it shall be an unlawful discriminatory practice for *any person* to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article." N.Y. Exec. Law § 296(6) (emphasis added); *see also Jews for Jesus, Inc. v. Jewish Community Relations Council of New York, Inc.*, 968 F.2d 286, 294 (2d Cir.1992). But it is not alleged in the Plaintiff's amended complaint whether the Church of the Advent fits within the statutory definition of a "person," which includes "individuals, partnerships, associations, corporations, legal representatives, trustees, trustees in bankruptcy, or receivers." N.Y. Exec. Law § 292(1). The complaint merely states where the Church of the Advent is located, and contains no allegations as to what type of entity the party is. As such, the Court must dismiss the complaint in its entirety against the Church of the Advent. However, the Court will permit the Plaintiff to file a second amended complaint against the Church of the Advent within 30 days if she can allege facts showing that the Church of the Advent meets the requirements discussed in this order.

## C. As to the Claims against Krantz and Sybesma

■ The amended complaint seeks a money judgment from Krantz and Sybesma for violations of the New York Executive Law. Sybesma argues that the complaint should be dismissed against him because he was not a supervisor. However, as stated above, Section 296(6) of the N.Y. Exec. law permits actions against individuals, not only supervisors or employers. *See* N.Y. Exec. Law § 296(6). The allegations against Sybesma of sexual harassment in the amended complaint clearly sets forth a cause of action under this law. Therefore, the motion to dismiss the claim against Sybesma is denied.

In the instant motion, Krantz only made a motion for the Court to decline to exercise supplemental jurisdiction in the event that the federal claims asserted against the Diocese and the Church of the Advent were dismissed. Although this order dismisses the federal claims against the Church of the Advent, federal claims remain pending against the Diocese. As such, the motion to dismiss the state law claims by Krantz is denied.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that the Church of the Advent's motion to dismiss the complaint against it is **GRANTED**; and it is further

**ORDERED**, that the Plaintiff is permitted to file a second amended complaint within 30 days of the date of this Order; and it is further

**ORDERED**, that the motion to dismiss the complaint by Krantz and Sybesma is **DENIED**, and it is further

**ORDERED**, that the Clerk of the Court is directed to amend the caption as follows:

ROSALIND KRASNER,

Plaintiff,

-against-

THE EPISCOPAL DIOCESE OF LONG ISLAND, JEFFREY KRANTZ, Reverend (sued in his individual capacity pursuant to N.Y. Executive Law sec. 290 et seq.), KEN SYBESMA (sued in his individual capacity pursuant to N.Y. Executive Law sec. 290 et. seq.),

Defendants.

**SO ORDERED.**