**GOTTLIEB MEMORIAL HOSPITAL,**
Plaintiffs,

v.

**SPRINKMANN SONS CORP.,** Sprinkmann Sons Corp. Employee Benefit Plan, and Cornerstone Benefits Administrator, Inc., Defendants.

No. 05 C 4583.

United States District Court,
N.D. Illinois,
Eastern Division.

Sept. 14, 2006.

David Hancock Moon, Jennifer Mary Powers, Powers & Moon, LLC, Deerfield, IL, for Plaintiffs.

Kevin John Moore, Rothschild, Barry & Myers, P.C., Chicago, IL, for Defendants.

### MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Defendants Sprinkmann Sons Corp., Sprinkmann Sons Corp. Employee Benefit Plan ("Sprinkmann"), and Cornerstone Benefits Administrator, Inc. ("Cornerstone") move to dismiss plaintiff Gottlieb Memorial Hospital's ("Gottlieb") complaint for lack of subject matter jurisdiction. Alternatively, defendants move for judgment on the pleadings for failure to exhaust administrative remedies.

### I. Motion to Dismiss

In assessing a Fed.R.Civ.P. 12(b)(1) motion, I must accept all well-pleaded facts in plaintiff's complaint as true and view the allegations in the light most favorable to the plaintiff. *Johnson v. Apna Ghar, Inc.,* 330 F.3d 999, 1001 (7th Cir.2003) (citing

*Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir.1999)). I may also look "beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.*

Defendants contend plaintiff fails to present a claim arising under federal law, specifically the Employee Retirement Income Security Act ("ERISA"), as alleged in the complaint.[1] Instead, they argue, the parties' relationship is governed not by the Sprinkmann Employee Benefit Plan ("the Plan"), but by the PPO agreement. As a result, the issue in this case concerns not a federal question, but contract interpretation under state law. In support of their motion, defendants attach two pages of correspondence (without the enclosures) by counsel on behalf of Gottlieb addressed to Cornerstone, which set forth "an appeal to adjust [a] claim" for services incurred by Barbara Rog (the underlying insured) in July 2003 and May 2004. (Defendants' Exhibit A.) The correspondence identifies the expenses incurred by the insured, the dates of service, and the existence of "agreements [by Gottlieb] with select payors which extend preferential rates to those payors who meet specific terms of the agreement." (Id.) It also provides "[y]our insured has assigned all of his rights relating to this claim to Gottlieb" and requests "a copy of the actual insurance policy providing healthcare benefits to your insured ..." (Id.) Defendants do not, however, submit the actual PPO agreement in support of their motion.[2]

■ Viewed in the light most favorable to the plaintiff, the complaint sufficiently alleges an ERISA claim. It identifies the underlying insured as a participant or beneficiary of an employee group health benefit plan, provided by Sprinkmann and administered by Cornerstone, who "assigned in writing all of his rights and benefits" under the Plan. (Complaint ¶¶ 7-9.) The complaint also alleges that "[p]rior to receipt of services, employees of the plaintiff contacted the defendants ... and confirmed that Gottlieb's charges for covered goods and services would be paid by the defendants, pursuant to the terms of the Plan." (Id. at ¶ 15.) Furthermore, it also states that "defendants failed and refused to pay for said services at the agreed-upon rate." (Id. at ¶ 17.) Therefore, the complaint sufficiently alleges that (I) plaintiff has been assigned the participant or beneficiary's rights and benefits and (ii) defendants failed to comply with their duties under the Plan. *See* 29 U.S.C. § 1139(a) ("A civil action may be brought by (1) a participant or beneficiary ... (B) to recover benefits due him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan"); *McDonald v. Household Int'l, Inc.,* 425 F.3d 424, 429 (7th Cir.2005) (complaint sufficiently alleged an ERISA § 502(a) claim by identifying "defendants' failure to give plaintiff the benefits under the medical plan that he had been promised."). Accordingly, the motion to dismiss is denied.

---

1. Plaintiff does not assert diversity jurisdiction. Gottlieb is an Illinois corporation, located in and doing business in Illinois; Sprinkmann is a Wisconsin corporation, with its principal place of business in Wisconsin; Cornerstone is an Indiana corporation with its principal place of business in Indiana.

The damages sought in the complaint do not exceed $75,000.

2. In opposing this motion, plaintiff submits an affidavit by Sandy Mendel, Gottlieb's Director of Patient Financial Services, which states the defendants are not parties to the PPO agreement. (Exhibit A ¶ 5.)

## II. Motion for Judgment on the Pleadings

 Defendants move for judgment on the pleadings under Fed.R.Civ.P. 12(c) based on plaintiff's alleged failure to exhaust administrative remedies. In support of their motion, they submit two Explanation of Benefits ("EOB") forms provided to Gottlieb concerning Rog's July 2003 and May 2004 hospitalizations. (Exhibit 1.) Neither of these documents were attached to or incorporated in the pleadings. Therefore, I will not consider them in ruling on this motion under Rule 12(c). *Northern Indiana Gun & Outdoor Shows, Inc. v. City of South Bend,* 163 F.3d 449, 453 n. 5 (7th Cir.1998) ("information, which is not part of the pleadings, is clearly outside the scope of Rule 12(c)"); 5C Wright & Miller, Fed. Prac. & Proc. Civ.3d § 1368 (2006) (judgment on the pleadings may be granted only "if all material issues can be resolved on the pleadings").[3]

 Gottlieb has sufficiently pled its case. A court may grant a Rule 12(c) motion only if it appears beyond a doubt that the plaintiff cannot prove any facts that would support his claim for relief. *Northern Indiana Gun & Outdoor,* 163 F.3d at 452. Moreover, I must accept all well pleaded facts as true and view the allegations in the complaint in the light most favorable to the nonmoving party. *Id.* As already discussed, plaintiff alleges the elements of a claim for denial of benefits under the Plan provided and administered by defendants. (Counts I–II.) Plaintiff also sufficiently alleges it requested a copy of documents concerning the Plan, which defendants did not provide in the required statutory period. (Count III.) Accordingly, defendants' motion for judgment on the pleadings is denied.

## III. Conclusion

For the reasons stated herein, defendants' motion to dismiss and motion for judgment on the pleadings are denied.

---

**3.** Neither party requested I convert this Rule 12(c) motion into a Rule 56 motion for summary judgment.