2024 IL App (1st) 220353-U

FOURTH DIVISION
Order filed July 25, 2024

No. 1-22-0353

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| RASHUN SINGLETON, | ) | Petition for Direct |
| | ) | Administrative |
| Petitioner, | ) | Review of Decision |
| | ) | of the Human Rights |
| v. | ) | Commission |
| | ) | |
| ILLINOIS HUMAN RIGHTS COMMISSION, ILLINOIS | ) | No. ALS-18-0400 |
| DEPARTMENT OF HUMAN RIGHTS, and AMITA | ) | |
| HEALTH/ADVENT HEALTH , | ) | |
| | ) | |
| Respondents. | ) | |

JUSTICE HOFFMAN delivered the judgment of the court.
Presiding Justice Rochford and Justice Martin concurred in the judgment.

**ORDER**

¶ 1 *Held*: We affirmed the decision of the Illinois Human Rights Commission dismissing the petitioner employee's discrimination complaint where the employee had entered into a settlement agreement in a federal case with the respondent employer, requiring her

to dismiss her state claim, and the validity of the agreement was affirmed by the United States Court of Appeals for the Seventh Circuit.

¶ 2    The petitioner, Rashun Singleton, appeals, *pro se*, from an order of the respondent, Illinois Human Rights Commission (the Commission), dismissing her complaint against the respondent, AMITA Health/Advent Health (AMITA). Before the Commission, AMITA moved to dismiss the complaint, arguing that Singleton had previously agreed to a settlement of her federal discrimination claim that required her to dismiss her state discrimination claim. On appeal, Singleton argues that she never signed a settlement agreement and that there was no "meeting of the minds" between her and AMITA. AMITA and the Commission respond that the issue was litigated in federal courts and that the United States Court of Appeals for the Seventh Circuit (Seventh Circuit) held that an enforceable agreement existed between the parties. For the reasons that follow, we affirm.

¶ 3    The following statement of facts is taken from the common law record, the United States District Court for the Northern District of Illinois (District Court) docket attached to the Commission's brief[1], and the Seventh Circuit's order disposing of Singleton's federal appeal (799 Fed. Appx. 942 (2020)).

¶ 4    On June 16, 2017, Singleton sued AMITA in the District Court, alleging discrimination and retaliation during her employment (which ended in January 2017).

¶ 5    On April 16, 2018, a federal magistrate judge conducted a settlement conference and held that the parties entered into a binding settlement agreement. The agreement required the parties to promptly prepare and exchange settlement documents. Despite this, Singleton began expressing unhappiness with the agreement and would not sign a proposed settlement agreement prepared by

---

[1] We may take judicial notice of federal district court dockets as public records. *Taylor v. Huntley*, 2020 IL App (3d) 180195, ¶ 12.

AMITA. Singleton's attorneys were subsequently granted leave to withdraw based on irreconcilable differences. After what the magistrate judge described as a "flurry of motions," AMITA filed a motion to enforce the settlement agreement. On September 25, 2018, the magistrate judge issued a Report and Recommendation (R&R) which recommended granting AMITA's motion to enforce the agreement but denying AMITA's request for attorney's fees. According to the R&R, Singleton and AMITA agreed to settle the dispute for a confidential sum. In exchange for that sum, Singleton agreed to dismiss her suit against AMITA, and *inter alia*:

> " withdraw all administrative charges relating to her employment with [AMITA] pending in the Illinois Department of Human Rights and any other administrative charges relation to her employment with [AMITA]."

¶ 6     On December 7, 2018, Singleton filed a complaint against AMITA with the Commission. The complaint alleged that she was discharged from AMITA on January 25, 2017. Singleton alleged that AMITA discriminated against her based on her disability, gender, and sexual orientation. The complaint further alleged that she filed discrimination charges with United States Equal Employment Opportunity Commission (EEOC) and was terminated in retaliation for doing so.

¶ 7     On December 10, 2018, the district judge adopted the R&R and granted AMITA's motion to enforce the settlement agreement.

¶ 8     On January 7, 2019, Singleton moved to reconsider the District Court's order enforcing the settlement agreement. On January 8, 2019, Singleton filed a notice of appeal. On January 10, 2019, the District Court denied her motion to reconsider.

¶ 9     On January 11, 2019, AMITA filed a motion to dismiss Singleton's complaint in the instant case pending before the Commission. AMITA argued that Singleton had sued it in the District Court

in *Singleton v. AMITA Health*, 17 C 4514, and had agreed to settle her claim. Attached to AMITA's motion was the R&R from the federal magistrate judge enforcing the settlement terms and the order of the federal district court judge adopting the R&R in full and granting AMITA's motion to enforce the settlement agreement.

¶ 10 On February 6, 2019, the Commission's administrative law judge (ALJ) set a briefing schedule on AMITA's January 11, 2019, motion.

¶ 11 While the parties were briefing the issue before the ALJ, the Seventh Circuit issued its decision affirming the District Court. See *Singleton v. AMITA Health*, 799 Fed. Appx. 942 (2020). The Seventh Circuit held that "The district court permissibly found that Singleton intended to bind herself to the terms of the agreement and, therefore, the parties entered into a valid settlement agreement" and affirmed the judgment of the District Court. *Id.* at 943-44.

¶ 12 On September 1, 2020, the ALJ issued a recommendation, finding that the District Court had ruled that the parties entered into a valid settlement agreement, and that that agreement included the requirement that Singleton withdraw all administrative charges relating to her employment with AMITA. The ALJ held that, although the Commission lacks jurisdiction to enforce an "outside" settlement agreement, a finding that the parties had entered into a settlement agreement, in which a respondent had agreed to pay a complainant a sum of money in return for dropping a claim before the Commission, warranted dismissal of the complaint with prejudice. The ALJ concluded that the terms of the settlement agreement required that AMITA's motion to dismiss be granted and recommended that the complaint be dismissed.

¶ 13    Singleton filed exceptions to the recommended order, arguing, *inter alia*, that she did not know the settlement agreement was a binding oral agreement, she was pressured into making the agreement, and she did not understand the terms of the alleged agreement.

¶ 14    On November 17, 2021, a panel of the Commission declined further review and adopted the ALJ's recommended order and decision as the order of the Commission. Singleton moved for rehearing *en banc*. On February 16, 2022, the Commission denied Singleton's motion and adopted the ALJ's recommended order and decision. This appeal pursuant to Illinois Supreme Court Rule 335 (eff. July 1, 2017) followed. See 775 ILCS 5/8-111 (B) (West 2022) (allowing direct review by the appellate court of final orders of the Commission).

¶ 15    Initially, AMITA and the Commission argue that we should dismiss this appeal because Singleton's brief fails to comply with Illinois Supreme Court Rule 341(h) (eff. Oct. 1, 2020). We note numerous deficiencies in her *pro se* brief, including failure to include citations to the record in her statement of facts (Rule 341(h)(6)) and failure to support her arguments with citation to authority and the record (Rule 341(h)(7)). However, the issues are simple, we have the benefit of cogent appellees' briefs, and while the deficiencies in Singleton's brief hinder review, they are not so serious that they preclude meaningful review. See *Twardowski v. Holiday Hospitality Franchising, Inc.*, 321 Ill. App. 3d 509, 511 (2001). Therefore, we exercise our discretion to resolve Singleton's appeal on its merits.

¶ 16    The Commission argues that its decision is entitled to deference and should only be reversed if clearly erroneous. Appeals from the Commission are subject to review under the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2022)). *Sola v. Human Rights Com'n*, 316 Ill. App. 3d 528, 535 (2000). Our standard of review depends on whether the question is one of fact or law.

*Pesoli v. Department of Employment Security*, 2012 IL App (1st) 111835, ¶ 20. On administrative review, questions of fact are subject to a manifest weight of the evidence standard. *Id.*; see also 735 ILCS 5/3-110 (West 2022). Questions of law are reviewed *de novo*. *Pesoli*, 2012 IL App (1st) 111835, ¶ 20. Mixed questions of law and fact are reviewed against a clearly erroneous standard. *Id.* Generally, a motion to dismiss involves questions of law which we review *de novo*. *Sola*, 316 Ill. App. 3d at 535. Here, we find that the question before us involves only an application of the law to practically indisputable facts, *i.e.*, the orders and docket entries of a federal court. Therefore, we will apply *de novo* review.

¶ 17 Singleton raises numerous arguments addressed toward the validity of the alleged settlement agreement. AMITA and the Commission argue that these arguments are misplaced because the federal courts have ruled that the agreement was valid and enforceable. We agree and conclude that collateral estoppel bars further review.

¶ 18 The doctrine of collateral estoppel, or "issue-preclusion" prohibits the relitigation of issues that have been decided in an earlier proceeding between the same parties. See *Richter v. Village of Oak Brook*, 2011 IL App (2d) 100114, ¶ 17. Collateral estoppel is a branch of *res judicata* and applies when three requirements have been met: " '(1) the issue decided in the prior adjudication must be identical to the issue in the current action; (2) the party against whom estoppel is asserted must have been a party or in privity with a party in the prior action; and (3) the prior adjudication must have resulted in a final judgment on the merits.' " *Id.* (quoting *Mabie v. Village of Schaumburg*, 364 Ill. App. 3d 756, 758 (2006)). A settlement order that terminates litigation constitutes a final judgment for purposes of *res judicata*. See *SDS Partners, Inc v. Cramer*, 305 Ill. App. 3d 893, 896 (1999).

¶ 19    Here, Singleton's arguments challenging the validity of the settlement agreement are clearly barred by collateral estoppel. First, even if the claims of discrimination were based on different statutes, the identical question of whether the settlement agreement was valid was presented to both the District Court and the Commission. Second, Singleton was a party to the District Court proceedings. Finally, the District Court is a court of competent jurisdiction (See *Johnson v. Apna Ghar, Inc.*, 330 F.3d 999, 1002 (2003) (holding that a discrimination claim under Title VII is a claim "arising under the laws of the United States" and the district court has federal-question jurisdiction)), and the Seventh Circuit held the judgment was final (*Singleton*, 799 Fed. Appx. at 943). Therefore, we conclude that Singleton's arguments addressed to the validity of the settlement agreement are barred by collateral estoppel.

¶ 20    After determining that Singleton has no viable arguments regarding the validity of the settlement agreement, we are left with the question of whether the Commission properly dismissed her complaint based on that agreement. Singleton has raised no cogent argument questioning the Commission's power to dismiss her complaint based on the settlement agreement. To the extent that there is any question regarding the Commission's power to dismiss a complaint based on a settlement agreement, we may, in the absence of reviewing court decisions, rely on the decisions of an administrative agency interpreting its enabling statute. See *Macomb Educational Ass'n, IEA-NEA v. Illinois Educational Labor Relations Board*, 265 Ill. App. 3d 194, 201 (1994). The Commission has previously held that, although it lacks jurisdiction to enforce an agreement that it did not approve, it may, when presented with evidence that an agreement to withdraw a complaint exists, dismiss a complaint. *Watkins v. Department of Corrections*, 1990 CF 1303, at 4-5 (June 2, 1999).

¶ 21    Here, the ALJ received evidence, in the form of District Court and Seventh Circuit orders, that the parties had entered into an enforceable agreement to settle Singleton's discrimination claims. That agreement included Singleton's agreement to:

> " withdraw all administrative charges relating to her employment with [AMITA] pending in the Illinois Department of Human Rights and any other administrative charges relation to her employment with [AMITA]."

The Commission concluded that this clause of the agreement required it to dismiss Singleton's complaint. We cannot conclude that this decision was erroneous. The Seventh Circuit's order clearly holds that the agreement was enforceable, and the quoted language clearly requires Singleton to dismiss her pending state law claims.

¶ 22    For the foregoing reasons, we affirm the order of the Commission dismissing Singleton's complaint against AMITA.

¶ 23    Affirmed.